Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
**Attorneys for Plaintiffs**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE JWEINAT and RICHARD LECHLEITNER, individually and behalf of all others similarly situated, | Case No. |
| | **CLASS ACTION** |
| Plaintiffs, | **COMPLAINT FOR VIOLATIONS OF:** |
| -vs- | |
| LOANDEPOT.COM, LLC; and DOES 1-10 inclusive, | 1.  VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. §1693 ET SEQ. |
| Defendants. | 2.  VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ. |
| | **DEMAND FOR JURY TRIAL** |

Plaintiffs JAMIE JWEINAT and RICHARD LECHLEITNER ("Plaintiffs") on behalf of themselves and all others similarly situated, alleges the following against Defendant LOANDEPOT.COM, LLC ("LD" or "Defendant") upon information and belief based upon personal knowledge:

## INTRODUCTION

1.     Plaintiffs' Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA").

2.     Plaintiffs, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in failing to provide a copy of written preauthorized electronic fund transfers when made, thereby violating 15 U.S.C. § 1693e(a). Plaintiffs bring a derivative claim under Cal. Bus. & Prof. C. §§ 17200 et seq. ("UCL") for an unlawful violation.

3.     Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION & VENUE

3.     This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 et seq.

4.     Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

5.     Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Plaintiffs reside within this District and Defendant does or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6.     Plaintiff Richard Lechleitner is a natural person residing in San Mateo

County in the state of California and is a "consumer" as defined by 15 U.S.C. §1693a(6) and a "person" as defined by Cal. Bus. & Prof. Code § 17201.

7.    Plaintiff Jamie Jweinat is a natural person residing in San Mateo County in the state of California and is a "consumer" as defined by 15 U.S.C. §1693a(6) and a "person" as defined by Cal. Bus. & Prof. Code § 17201

8.    At all relevant times herein, Defendant LOANDEPOT.COM, LLC was a Delaware Corporation with its headquarters in California engaged in the business of mortgage loan servicing.

9.    Each above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiffs will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10.    Plaintiffs are informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

11.    Plaintiffs had a mortgage with Defendant LD for their property located in Penn Valley, California.

12.    In late April 2022, Plaintiffs went online to LD's online website to setup autopayment for their monthly second mortgage payments.

13.    Plaintiffs went through the process and setup an autopayment to be

debited on May 1, 2022 and monthly thereafter.

14. Defendant LD did not provide Plaintiffs a copy of the written preauthorized electronic fund transfer when setup in April 2022.

15. Despite setting up the process, LD failed to automatically withdraw funds from Plaintiffs' bank account on May 1, 2022 and June 1, 2022.

16. Because LD did not provide a copy of the written preauthorized electronic fund transfer, Plaintiffs did not have a record of the withdrawals that were agreed to take place and was thereafter charged unowed fees, interest, and defamed by LD who reported Plaintiffs as delinquent on their mortgage when it failed to process the payments. Thus, Plaintiffs suffered actual harm from Defendant LD's practice of failing to provide copies of written preauthorized electronic fund transfers.

17. Thereafter, in June 2022, Plaintiffs again setup an autopayment for their monthly second mortgage to be withdrawn on July 1, 2022 and monthly thereafter.

18. While this autowithdrawal was properly processed, Defendant LD again did not provide Plaintiffs a copy of the written preauthorized electronic fund transfer when made.

19. Plaintiffs allege Defendant's failure to provide a copy of the authorization to Plaintiffs is a violation of 15 U.S.C. 1693e(a).

## CLASS ALLEGATIONS

20. Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a member of a Class ("the Class") defined as follows:

> All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendant LD without being provided a copy of the authorization to make a preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

21.     Plaintiffs represent, and is a member of The Class, consisting of whose bank accounts were debited on a reoccurring basis by Defendant LD without being provided a copy of the authorization to make a preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

22.     Defendant, its employees, and agents, and the Court staff and Judge assigned to this matter are excluded from The Class. Plaintiffs do not know the number of members in The Class, but believe the Classes members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

23.      The Class is so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of The Class members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believes and thereon alleges that The Class includes thousands of members. Plaintiffs allege that The Class members may be ascertained by the records maintained by Defendants.

24.     This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

25.     There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

   a. Whether Defendant failed to provide the members of the Class a copy of the authorization to make a preauthorized electronic fund transfers after the execution of such authorizations;

   b. Whether Defendants committed an unlawful practice under the UCL by violating EFTA.

26.     As someone who authorized Defendant to make a preauthorized electronic fund transfer but failed to receive a copy of the authorization, Plaintiffs are asserting claims that are typical of The Class.

27.     Plaintiffs will fairly and adequately protect the interests of the members of The Class. Plaintiffs have retained attorneys experienced in the prosecution of class actions.

28.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

29.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Classes members to protect their interests.

30.     Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## COUNT I:

## VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT

## AGAINST ALL DEFENDANTS

31.     Plaintiff reincorporates by reference all of the preceding paragraphs.

32.     Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

33.     Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

34.     In multiple instances, Defendant obtained Plaintiffs' authorization for preauthorized electronic fund transfers from their account but failed to provide a copy of such authorization when made.

35.     In doing so, Defendants have violated EFTA.

## COUNT II:

## VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200

### AGAINST ALL DEFENDANTS

36.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

38.    California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

39.    Defendant's acts, as pled herein, are an "unlawful" business practice or act under Business and Professions Code Section 17200 et seq. for violating EFTA as to the Class.

40.    Defendant's conduct caused and continues to cause economic harm to Plaintiffs and Class Members.

## **TRIAL BY JURY**

41.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendants, for the following:

a.  That this action be certified as a class action on behalf of The Class and Plaintiffs be appointed as class representatives;

b.  Statutory damages of up to $1,000.00, per Class Member, pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

c.  Actual damages;

d.  Restitution of the funds improperly obtained by Defendants;

e.  Any and all statutory enhanced damages;

f.  All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

g.  For equitable and injunctive and pursuant to California Business and Professions Code § 17203;

///
///

h.  For prejudgment interest at the legal rate; and

i.  Any other relief this Honorable Court deems appropriate.

Respectfully Submitted this 21st Day of September, 2022.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:  /s/ Todd M. Friedman
     Todd M. Friedman
     Law Offices of Todd M. Friedman
     Attorney for Plaintiffs